# Reznor *versus* Supplee *et al.*

1. In a suit on a note the affidavit of defence was that it had been given as a donation to a church, on condition that the lot on which it was erected should be conveyed to the church, which had not been done. *Held* to be sufficient.

2. The suit was by the endorsee; the affidavit averred that defendant "verily believes and expects·to prove that the note has been passed by the payee to plaintiffs to avoid making this defence, and that the plaintiffs sold the same to the use of the (payee) without consideration as between them." *Held* sufficient against the endorsee.

3. If an affidavit avers an expectation of ability to prove the allegations, the presumption is that they can be proved; in this case the allegations were sufficiently averred.

4. Black *v.* Halstead, 3 Wright 64; Thompson *v.* Clark, 6 P. F. Smith 33, followed.

February 23d 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia*: Of January Term 1875, No 23.

This was an action of assumpsit brought July 9th 1874, by

[Reznor *v.* Supplee.]

John Supplee and Oliver H. Pennypacker, trading as Supplee & Pennypacker, against J. P. Reznor.

The cause of action was the following note:—

"$200.                    Philadelphia, December 18th 1873.

On the 1st of July next, I promise to pay to the order of Charles D. Supplee, two hundred dollars, without defalcation, value received.   Payable at No. 208 South Fourth, office Chas. D. Supplee.                              J. P. Reznor."

(Endorsed) "Chas. D. Supplee."

The affidavit of defence was: "That the note in the above case was given as a donation to a church, and upon the express condition that the lot of ground whereon the church is erected, on the corner of Broad and Diamond streets, should be conveyed to the church.   This condition upon which the note was given has not been complied with, and deponent verily believes and expects to prove that the note has been passed by the payee of same to plaintiffs, to avoid the making of this defence, and that plaintiffs merely hold the same to the use of the said Charles D. Supplee without consideration as between them.   Deponent further says, that he has not received any consideration for the above note from any person whatever, and only gave the same in consideration of the conveyance of said lot of ground to the church.   The said condition has not been complied with.   All which deponent expects to be able to prove on the trial of the above case."

Judgment was entered June 23d 1874, for want of a sufficient affidavit of defence, and damages assessed at $204.55.

This was assigned for error on the removal of the record to the Supreme Court by the defendant.

*D. C. Harrington,* for plaintiff in error.—When an affidavit contains allegations which, if proven, would constitute a legal defence, the defendant is entitled to a trial by jury: West *v.* Simmons, 2 Wharton 261; Leiberberger *v.* Bank, 6 Casey 531; Thompson *v.* Clark, 6 P. F. Smith 33.   It is sufficient to aver that the defendant "believes and expects to be able to prove" the facts set forth in the affidavit: Black *v.* Halstead, 3 Wright 64; Thompson *v.* Clark, *supra.*

*E. K. Nichols,* for defendants in error, furnished no paper-book.

Mr. Justice Woodward delivered the opinion of the court, March 6th 1876.

The affidavit of the defendant in the court below averred that the note in the suit was given as a donation to a church upon the express condition that the lot on which the church building was erected should be conveyed to the church; that the condition had

[Reznor *v.* Supplee.]

not been complied with, and that he verily believed and expected to prove that the note had been passed by the payee to the plaintiffs to avoid this defence, and the plaintiffs merely held it for the use of the payee without any consideration between them. This was such a statement of defence as to require the submission of the case to a jury. The authorities are uniform on this subject. In Black *v.* Halstead, 3 Wright 64, it was said, in the opinion of the court, that "it has been generally held that when the facts forming part of defendant's case are averred upon information and belief, the defendant must add that he expects to prove them, or set out specifically the sources of his information, or the facts on which his belief rests. * * * If he avers an expectation of ability to prove the facts there is a just presumption that they can be proved, for there can be no expectation without a reasonable probability." In Thompson *v.* Clark, 6 P. F. Smith 33, an affidavit was held to be sufficient which set forth the belief of the defendant that a draft for which suit had been brought by the payee against the acceptor, did not belong to the payee, but to the drawer, who had been fully paid by the acceptor, the statement of his belief of the facts accompanied by the statement of his belief that he could prove them. In the present case, the failure of the consideration of the contract on which the suit was founded, the actual ownership of the note by the payee, and the fictitious character of the endorsement and transfer to the plaintiffs were adequately averred.

Judgment reversed, and *procedendo* awarded.